UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GONZALEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CLEAN HARBORS, INC., a Massachusetts Corporation; and DOES 1 through 20, inclusive,<br><br>    Defendant. | No. 18-cv-01727-DAD-JLT<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION |

On November 16, 2018, plaintiff Carlos Gonzalez ("plaintiff") commenced this action against defendant Clean Harbors, Inc. ("defendant") in the Kern County Superior Court. (Doc. No. 1 at ¶ 1.) On December 20, 2018, defendant removed the action to this federal court. (Doc. No. 1.) The notice of removal states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441. (*Id.* at 3.) Defendant alleges the parties are diverse in their citizenship. (*Id.*) However, defendant must provide additional information for the court to determine that the amount in controversy exceeds the jurisdictional threshold.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368 (9th Cir. 1987). A district court has "a duty to establish subject matter

1

jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "To support removal based on diversity jurisdiction, [the moving party] has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," but if the court questions the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

Plaintiff's complaint alleges that his legs fell in a gap, "which broke his leg and caused other serious injuries." (Doc. No. 1 at ¶ 11.) Plaintiff does not allege specific amounts of damages but seeks general damages, medical and incidental expenses, all other special and incidental damages, loss of earning, loss of earning capacity, pre-judgment interest, and costs of suit incurred. (*Id.*) Here, defendant's notice of removal is solely based on plaintiff's complaint and does not include a plausible allegation that the amount in controversy exceeds $75,000.

Accordingly, defendant is hereby directed to show cause within fourteen (14) days of service of this order as to why this matter should not be dismissed for lack of subject matter jurisdiction. Defendant may discharge this order to show cause by submitting evidence that the amount in controversy in this action exceeds $75,000. *See Ruiz v. Transdev Servs., Inc.*, No. EDCV152307VAPKKX, 2015 WL 12830382, at *1 (C.D. Cal. Dec. 16, 2015) (requiring defendant to present evidence that the amount in controversy requirement for diversity jurisdiction is met).

IT IS SO ORDERED.

Dated: **January 2, 2019**

_____
UNITED STATES DISTRICT JUDGE